IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MATTIA | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 14-2099 |
| ALLSTATE INSURANCE COMPANY | : |

**SURRICK, J.**                                                                                         **JUNE  24 , 2014**

**MEMORANDUM**

Presently before the Court is Defendant Allstate Property and Casualty Insurance Company's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b).  (ECF No. 4.)[1]  For the following reasons, Defendant's Motion will be granted.

**I.    BACKGROUND**[2]

On or about September 17, 2012, Plaintiff Anthony Mattia's property sustained water damage due to a water leak.  (Pl.'s Compl. ¶ 4, Notice of Removal Ex. A, ECF No. 1.)  At the time, Plaintiff's property was insured by Defendant Allstate Property and Casualty Insurance Company under policy number 9 18 205324 09/01 (the "Policy").  (*Id.* at ¶ 5.)  Plaintiff gave Defendant timely and reasonable notice of his claim, filled out all necessary paperwork, and complied with all of the conditions contained in the Policy.  (*Id.* at ¶ 8.)  Defendant has failed to pay all of the costs of Plaintiff's repairs and renovations, as required by the Policy.  (*Id.* at ¶¶ 9, 10.)

---

[1] Plaintiff incorrectly identified Defendant as Allstate Insurance Company.

[2] When considering a Rule 12(b) motion to dismiss, we must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

On March 7, 2014, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Defendant alleging claims for breach of contract (Counts I & III) and bad faith (Count II).  (Pl.'s Compl. ¶ 3.)  On April 10, 2014, Defendant removed the matter to this Court.  (Notice of Removal.)  On April 17, 2014, Defendant filed this Motion to Dismiss.  (Def.'s Mot., ECF No. 4.)  On May 29, 2014, Plaintiff filed a timely response.  (Pl.'s Resp., ECF No. 7.)

**II.     LEGAL STANDARD**

Under Federal Rule 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion under Rule 12(b)(6), therefore, tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## III.  DISCUSSION

Defendant contends that Plaintiff's Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[3] Defendant argues that Plaintiff's pleadings fail to provide specific, factual allegations and consist solely of "bare-bones" conclusory allegations. (Def.'s Mot. ¶¶ 15, 22.) In addition, Defendant asserts that Plaintiff's Complaint is time-barred due to the one-year statute of limitations contained in the commencement of suit provision in the Policy. (*Id.* at ¶ 33.) Finally, Defendant argues that Plaintiff's Complaint should be dismissed for failure to join a necessary party. (*Id.* at ¶ 47.) In response, Plaintiff argues that any limitation period contained in the Policy does not extend to bad faith because the bad faith claim is predicated upon 42 Pa. Cons. Stat. Ann. § 8371, which provides the insured with additional

---

[3] Count I of Plaintiff's Complaint is duplicative of Count III. We will address them both as one Breach of Contract claim.

protection and relief. (Pl.'s Resp. 4.)[4] Plaintiff contends that the bad faith claim is distinct from the breach of contract claim and not subject to any limitations imposed independently of Section 8371's plain language. (Pl.'s Resp. 4.)

### A.   Breach of Contract Claim

Plaintiff alleges that Defendant breached its contract with Plaintiff by denying full payment of Plaintiff's claim under the Policy. Specifically, Plaintiff's Complaint alleges that Defendant's failure to compensate him the full amount of the cost of his home renovations caused damages in the amount of $22,227.46. (Pl.'s Compl. ¶ 9.)[5] Defendant responds that Plaintiff's breach of contract claim is barred by the one-year statute of limitations contained in the Policy's commencement of suit provision. Plaintiff has not responded to this argument.

Under Pennsylvania law, the statute of limitations for a breach of contract claim is four years. 42 Pa. Cons. Stat. § 5525. "Parties to a contract, however, may agree to a shorter limitations period provided it is reasonable." *Swan Caterers, Inc. v. Nationwide Mut. Fire. Ins. Co.*, No. 12-24, 2012 WL 5508371, at *4 (E.D. Pa. Nov. 13, 2012). "'A one-year time limit meets this test.'" *Id.* (quoting *McElhiney v. Allstate Ins. Co.*, 33 F. Supp. 405, 406 (E.D. Pa. 1999)).

Here, the commencement of suit provision in the Policy provides:

> No one may bring an action against us [Defendant] in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which section 1 conditions applies unless:
> (a): there has been full compliance with all policy terms;

---

[4] Plaintiff has filed a Response in opposition to Defendant's Motion for Summary Judgment. Defendant's Motion is not for Summary Judgment. It is a Motion to Dismiss under Rule 12(b).

[5] Plaintiff's Complaint alleges damages in the amount of $22,227.46. Defendant's Notice of Removal refers to damages in the amount of $22,227.46. However, Plaintiff's memorandum of law in response to Defendant's Motion refers to damages in the amount of $222,227.46. Obviously, this raises questions regarding this Court's diversity jurisdiction.

> (b): the action is commenced within one year after the inception of loss or damages.

(Def.'s Mot. Ex. B.)  It is well settled that a commencement of suit clause that imposes time limits on recovery is valid and will be sustained.  *Gen. State Auth. v. Planet Ins. Co.*, 346 A.2d 265, 266 (Pa. 1975); *Commonwealth v. Transamerican Ins. Co.*, 341 A.2d 74, 76 (Pa. 1975) ("This Commonwealth has long recognized the validity of a policy provision limiting the time of bringing suit under its terms and rendering the normal statute of limitations for the cause of action in question inapplicable."); *Schreiber v. Pa. Lumberman's Mutual Ins. Co.*, 444 A.2d 647, 649 (Pa. 1982) (upholding limitation of suit provision); *Duffy v. Allstate Ins.*, No. 97-6668, 1998 WL 470156, at *2 (E.D. Pa. Aug. 11, 1998) (upholding limitations clause).  The limitation period runs from "'the date of the occurrence of the destructive event or casualty insured against.'" *Petraglia v. Am. Motorists Ins. Co.*, 424 A.2d 1360, 1362 (Pa. Super. Ct. 1981) (quoting *Gen. State. Auth.*, 346 A.2d at 267).  Failure to bring a claim within the limitation period in the Policy will result in an "absolute bar" to the claim.  *Toledo v. State Farm Fire & Cas. Co.*, 810 F. Supp. 156, 158 (E.D. Pa. 1992) (citing *Gen. State Auth*, 346 A.2d at 742-43).

Plaintiff's Complaint alleges that, on or about September 17, 2012, Plaintiff's residence suffered direct and physical damage.  On March 7, 2014, Plaintiff brought suit against the Defendant contesting the amount of the coverage under the Policy.  The commencement of suit provision contained in the Policy explicitly covers such a cause of action "related to the existence or amount of coverage" and mandates that a suit be brought within one year of the inception of damage or loss.  Accordingly, Plaintiff should have filed suit by September 17, 2013.  March 7, 2014, the date Plaintiff filed suit, is nearly six months after the one year deadline had passed.  Given the valid one year statute of limitations contained in the commencement of

suit provision, there can be no dispute that Plaintiff instituted this cause of action beyond the Policy's limitation period.[6]  Plaintiff's breach of contract claim is time barred.

### B. Bad Faith Claim

Although Plaintiff's breach of contract claim is barred by the commencement of suit provision in the insurance contract, a "bad faith claim is not affected by the one-year limitations period in the insurance contract." *March v. Paradise Mut. Ins. Co.*, 646 A.2d 1254, 1257 (Pa. Super. Ct. 1994).  "[A] claim brought under Section 8371 is a cause of action which is separate and distinct from the underlying contract claim." *Id.* at 1256; *Margolies v. State Farm Fire & Cas. Co.*, 810 F. Supp. 637, 642 (E.D. Pa. 1992) ("The evolving jurisprudence in this district has held that § 8371 creates a separate and independent cause of action.").  Section 8371 was enacted to create a cause of action for acts of "bad faith" in insurance law. *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 598 (E.D. Pa. 2010).  Section 8371 states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Const. Stat. Ann. § 8371.  While Section 8371 does not define "bad faith," the term has a "universally accepted meaning" in the context of insurance law as "'any frivolous or unfounded refusal to pay proceeds of a policy.'" *Atiyeh*, 742 F. Supp. 2d at 598 n.14 (quoting *Terletsky v.*

---

[6] Although a commencement of suit provision is legally enforceable, it may be extended or waived "where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced." *Gen. State. Auth.*, 346 A.2d at 267 n.6.  In addition, such a provision will not be enforced "where the insured's failure to comply is induced by the actions of the insurer." *Id.*; *see also Transamerican Ins. Co.*, 341 A.2d at 77 (explaining that "an insurer will not be permitted to take advantage of an insured's failure to act where the insurer induced such a failure").  Plaintiff has not argued any such waiver.

6

*Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).  This standard does not need to reach fraudulent; however, "mere negligence or bad judgment is not bad faith."  *Id.*

To establish bad faith, Plaintiff must show that the insurer "(1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis."  *Id.*  The Plaintiff must demonstrate that "'the insurer breached its duty of good faith through some motive of self-interest or ill will.'"  *Id.* (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).  Plaintiff must prove this by "'clear, direct, weighty and convincing'" evidence.  *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 752 (3d Cir. 1994) (quoting *U.S. Fire Ins. Co. v. Royal Ins. Co.*, 759 F.2d 306, 309 (3d Cir. 1985)).

Defendant contends that Plaintiff has insufficiently pled his bad faith claim.  Defendant argues that Plaintiff's Complaint alleges conclusory statements void of any specific facts to demonstrate Defendant lacked a reasonable basis for denying benefits under the Policy.  Count II of Plaintiff's Complaint, which is entitled Bad Faith, reads as follows:  "At all times material hereto, the Defendant, Allstate Insurance Company did not exercise good faith and fair dealing with the Plaintiff with respect to its agreements, actions and promises as required by law, causing the Plaintiff to suffer damages."  (Pl.'s Compl. ¶ 12.)  Plaintiff has failed to "'describe who, what, where, when, and how the alleged bad faith conduct occurred.'"  *See Miracle Temple Christian Acad. v. Church Mut. Ins. Co.*, No. 12-995, 2012 WL 1286751, at *4 (E.D. Pa. Apr. 16, 2002) (quoting *Blasetti v. Allstate Ins. Co.*, No. 11-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012)); *Iqbal*, 556 U.S. at 679 ("[W]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Plaintiff submits "bare-bones" conclusory allegations that do not sufficiently establish a plausible bad faith claim.  *Fowler*, 578 F.3d at 210.  Therefore, Plaintiff's bad faith claim will be dismissed.

### C.     Necessary Party

Defendant argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(7) for failure to join Carmel Mattia as a necessary party. (Def.'s Mot. 25.) Rule 12(b)(7) permits a claim to be dismissed when the plaintiff has failed to join a party as required by Rule 19. Under Rule 19(a), a party is deemed necessary and must be joined if:

> (A) [I]n that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). "It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party." *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000). In a breach of contract claim, all parties to the contract should ordinarily be joined. *Rashid, v. Kite*, 957 F. Supp. 70, 74 (E.D. Pa. 1997). Assessing the issue on a case-by-case basis requires "(1) appraising the [indispensable party's] interest, and then (2) considering the equitable principles described in Rule 19." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1011 (3d Cir. 1987) (quotation omitted). Once it is determined that an absentee is a necessary party and that joinder of that party is impossible, then it must be determined "whether 'in equity and good conscience the action should proceed among the parties before it, or should be dismissed.'" *Rashid*, 957 F. Supp. at 73 (quoting Fed. R. Civ. P. 19(b)). Rule 19(b) lists four factors to guide the Court to determine "whether in equity and good conscience" the action should proceed:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures,

8

> the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

*Id.* at 73 (quoting Fed. R. Civ. P. 19(b)).  Courts have substantial discretion and must use a "fact specific, flexible analysis" to balance the interests of the existing parties, the absent party, the courts, and the public.  *Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1121-22 (D. Del. 2000) (balancing the interests of (1) the defendant, (2) the absent party, (3) the courts and the public, and (4) the plaintiff).  "The decision whether to dismiss (i.e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests."  *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968).

Ms. Mattia may qualify as a necessary party to this action as an insured under the Policy and as an owner of the subject home along with her husband Anthony Mattia.  *See Rashid*, 957 F. Supp. at 73 (determining that all parties to a contract should be joined).  However, even if she is a necessary party, we currently lack sufficient facts to determine whether she can be joined to this action and, if she cannot, whether in equity and good conscience the matter should be dismissed.  The only fact offered by Defendant is that Ms. Mattia is listed on the policy as "resident relative."  This is insufficient.

## IV. CONCLUSION

For the foregoing reasons, Defendant Allstate Insurance Company's Motion to Dismiss will be granted. An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**